UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT B.,

                                                                              DECISION AND ORDER

                          Plaintiff,

                                                                              20-CV-1804L

            v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                        Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On August 28, 2017, plaintiff, then thirty-eight years old, filed an application for a period of disability and disability insurance benefits, alleging an inability to work since February 25, 2015. (Administrative Transcript, Dkt. #11 at 10). That application was initially denied. The plaintiff requested a hearing, which was held on October 2, 2019, before administrative law judge ("ALJ") Stephan Bell. The ALJ issued an unfavorable decision on October 16, 2019, finding plaintiff not disabled. (Dkt. #11 at 10-21). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 9, 2020. (Dkt. #11 at 1-3).

The plaintiff has moved for remand of the matter for the calculation and payment of benefits, or in the alternative for further administrative proceedings (Dkt. #16), and the Commissioner has cross moved (Dkt. #17) for judgment on the pleadings, pursuant to Fed. R. Civ.

Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, including treatment and surgical records reflecting degenerative disc disease of the lumbar spine, status post laminectomy and fusion surgery, chronic pain syndrome, and a right shoulder rotator cuff tear, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #11 at 12).

On consideration of the record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the ability to lift and carry 10 pounds occasionally, and less than 10 pounds frequently. He can stand for up to two hours and walk for up to two hours total in an 8-hour workday. He can no more than frequently reach overhead and in all directions to the right, and has no limitations for reaching to the left. He can occasionally balance, stoop, kneel, crouch, crawl, climb ramps and stairs, and work in vibration. He can never climb ladders, ropes, or scaffolds (Dkt. #11 at 14).

When provided with this RFC as a hypothetical at the hearing, vocational expert Coleman Cosgrove testified that such an individual could not return to plaintiff's past relevant work as a

construction worker, but could perform the representative sedentary positions of addresser, document preparer, and food order clerk. (Dkt. #11 at 20-1). The ALJ accordingly found plaintiff not disabled.

I.  **The ALJ's Consideration of Listing 1.04A**

Plaintiff argues that the ALJ applied an erroneous standard in assessing whether plaintiff is disabled under Listing 104.A, Disorders of the Spine. Specifically, plaintiff contends that the ALJ misstated the elements of the Listing, and improperly required evidence that plaintiff experienced those elements on a "persistent" basis.

The Court disagrees.

Listing 1.04A describes a disorder of the spine, "resulting in compromise of a nerve root or the spinal cord with evidence of nerve root compression characterized by neuro-atomic distribution of pain, limitation of motion in the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and if there is involvement of the lower back, positive straight-leg raising tests (sitting and supine)." 20 C.F.R. Part 404, Subpt. P, App. 1, §1.04A. The claimant has the burden to prove that his disability meets "all of the specified medical criteria" for the Listing. *See Otts v. Commissioner*, 249 F. App'x 887, 888 (2d Cir. 2007). *See generally Norman v. Astrue*, 912 F. Supp. 2d 33, 77 (S.D.N.Y. 2012) (an "impairment that manifests only some of [a Listing's] criteria, no matter how severely, does not qualify").

The ALJ determined that plaintiff was not disabled under the Listing, because "physical examinations demonstrated no atrophy, no persistent weakness, loss of sensation, or reflex deficits and straight leg raising tests were not persistently positive." (Dkt. #11 at 13).

While plaintiff is correct that the ALJ's description of Listing 1.04A was an incorrect and imprecise summary of the Listing's criteria, I find that any error therein is harmless. Initially, the parties agree that the record indicates repeated waxing and waning of plaintiff's symptoms over the years, giving rise to inconsistent findings concerning nerve root compression, limited range of motion, and straight leg-raising tests: each party simply argues that those inconsistencies should have been construed by the ALJ in their favor.

However, regardless of whether the ALJ should have found that plaintiff's sporadic satisfaction of the other Listing criteria was sufficient to prove disability, the record lacks substantial evidence by which a reasonable finder of fact could have concluded that plaintiff met his burden to prove the remaining element of Listing 1.04A, motor loss ("atrophy [or] muscle weakness . . . accompanied by sensory or reflex loss"), in a manner sufficient to satisfy the durational requirement. Indeed, over the nearly five-year period encompassed by plaintiff's medical records, he was found to have slightly diminished sensation or reflexes on just a couple of occasions, and in none of those cases did it accompany a finding of less than full strength. All other objective assessments of plaintiff's sensation and reflexes appear to have been wholly normal. (Dkt. #11 at 447-48, 451).

Because the record does not support a finding that the plaintiff was disabled pursuant to Listing 1.04A in any event, the ALJ's misstatement of the elements of the Listing was harmless error.

## II.     The ALJ's Weighing of Medical Opinion Evidence

Plaintiff also argues that the ALJ improperly relied on stale medical opinions, and that his finding that plaintiff could engage in a range of sedentary work on a regular and continuous basis was not supported by substantial evidence.

Pursuant to recent amendments to agency regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§404.1520c(a), 416.920c(a). Rather, the Commissioner will consider all medical opinions in light of five factors: (1) supportability; (2) consistency with other evidence of record; (3) the source's relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, and the nature, purpose and extent of the treating or examining relationship; (4) area of specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at §§ 404.1520c(c), 416.920c(c).

The ALJ must articulate his or her consideration of the medical opinion evidence, describe the persuasiveness of each of the medical opinions, and explain how the supportability and consistency factors were weighed. *See Salleh D. v. Commissioner*, 2022 U.S. Dist. LEXIS 427 at *9-*11 (W.D.N.Y. 2022).

In discussing the medical evidence, the ALJ first considered a February 1, 2017 opinion by consulting examiner Dr. John Schwab, who opined that due to his back and shoulder impairments, plaintiff has "mild to moderate" limitations for bending, lifting, and carrying heavy objects. (Dkt. #11 at 459-64). The ALJ found Dr. Schwab's opinion "somewhat persuasive," based on its overall consistency with the record, and elected to include moderate bending, lifting, and carrying limitations in the RFC finding.

The ALJ also relied upon a January 8, 2018 opinion by reviewing state agency consultant Dr. D. Brauer, who determined that due to his back and shoulder injuries, plaintiff could perform work at the light exertional level, with a limitation to no more than occasional bending at the waist.

(Dkt. #11 at 465-66). The ALJ found Dr. Brauer's opinion "persuasive," and included a limitation to occasional stooping, crouching, and crawling in the RFC determination.

Plaintiff argues that both of these opinions were stale, because they were rendered prior to plaintiff's lumbar spinal surgeries on January 17, 2018 and November 30, 2018 (Dkt. #11 at 562, 604). Plaintiff also argues that the ALJ's RFC finding impermissibly imposed restrictions that were *more* extensive than those suggested by the physicians (e.g., a restriction on reaching, which no medical sources suggested), but less extensive than plaintiff's own testimony had indicated, and thus substituted layperson findings for competent medical opinion.

A medical opinion may be considered "stale" where there is "a significant period of time between the date of the opinion and the hearing date, in addition to subsequent evidence 'indicat[ing] a claimant's condition has deteriorated'" over that time. *Mack v. Saul*, 2020 U.S. Dist. LEXIS 133368 at *4 (W.D.N.Y. 2020)(quoting *Majdandzic v. Commissioner*, 2018 U.S. Dist. LEXIS 180068 at *7 (W.D.N.Y. 2018)). Here, although the opinions in question were rendered up to one year before the first of plaintiff's surgeries, and two years and nine months prior to plaintiff's hearing, there is no evidence that plaintiff's condition deteriorated during that period. As the ALJ noted, examination findings before and after plaintiff's surgeries did not show any significant change. (Dkt. #11 at 16-17, 447-49, 450-52).

Furthermore, to the extent that plaintiff argues that the ALJ impermissibly included shoulder limitations in excess of what the medical evidence supported, such limitations were consistent with plaintiff's history of treatment for a rotator cuff injury, and inured to his benefit: as such, they do not merit remand.

On balance, I find that the ALJ's assessment of the medical opinions of record was proper, and that the attendant findings concerning supportability and consistency were clearly and

sufficiently explained. The RFC determination reached by the ALJ is consistent with those opinions and is otherwise well-supported by substantial evidence of record. I find no reason to disturb it.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not the product of reversible legal error. The Commissioner's finding that plaintiff was not disabled is affirmed.

The plaintiff's motion for judgment on the pleadings (Dkt. #16) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #17) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 9, 2022.